ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ESTRELLA COMMERCIAL LLC<br><br>Recurrida<br><br>v.<br><br>SUCESIÓN AMADA RODRÍGUEZ RUIZ, Y OTROS<br><br>Peticionaria | KLCE202500329 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Número:<br>J CD2011-0105<br><br>Sobre: Ejecución de Hipoteca |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm

Prats Palerm, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 16 de junio de 2025.

Comparece la señora Mónica Velázquez Rodríguez ("señora Velázquez Rodríguez" o "peticionaria") mediante recurso de *certiorari* y nos solicita que revoquemos la *Resolución* emitida el 26 de febrero de 2025, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Ponce ("TPI"). Mediante el referido dictamen, el TPI declaró *No Ha Lugar* una *Moción de Paralización de Procedimiento, de Desestimación, de Subasta, Adjudicación, Solicitud de Órdenes Inmediatas y Otros Remedios* presentada por la peticionaria. Consecuentemente, el foro primario dictó una *Orden* en la cual autorizó al alguacil a entregar a Estrella Commercial, LLC ("Estrella Commercial" o "recurrida") unas propiedades adquiridas en pública subasta.

Por los fundamentos expuestos a continuación, se *desestima* por falta de jurisdicción.

**I.**

El 10 de mayo de 2015, el Banco Popular de Puerto Rico ("Banco Popular") instó una *Demanda Enmendada*[1] sobre cobro de dinero y

---

[1] Surge del expediente apelativo que el 26 de agosto de 2011 el Banco Popular presentó la *Demanda* original contra la Sucesión de Velázquez Caraballo y la señora Amanda

ejecución de hipoteca en contra de la Sucesión de Amanda Rodríguez Ruiz y la Sucesión de Nelson Velázquez Caraballo.[2] A su vez, acumuló al Departamento de Hacienda como parte interesada, a los únicos fines de que determinara el monto de los gravámenes, si alguno, a favor del Estado Libre Asociado de Puerto Rico.

En síntesis, el Banco Popular alegó que la entidad bancaria era tenedora de cinco (5) pagarés hipotecarios. Especificó al respecto, que la señora Rodríguez Ruiz y el señor Velázquez Caraballo suscribieron un préstamo hipotecario de $325,000.00 asegurado en virtud de unas propiedades inmuebles ubicadas en Ponce (fincas números 13,146, 13,180, 13,723 y 13,128).[3] Precisó, además, que ambas sucesiones adeudaban solidariamente las siguientes cuantías: (1) $191,222.73, por la cantidad principal del préstamo hipotecario; (2) $9,062.94, por sobregiro en cuenta de reserva en caso de contribuciones territoriales y seguros; más (3) $32,500.00, correspondientes a costas, gastos y honorarios de abogado. En vista de ello, Banco Popular solicitó la ejecución de hipoteca, de incumplirse el pago de las referidas cuantías.

Ante tales alegaciones, el 1 de junio de 2015, el Departamento de Hacienda instó una *Comparecencia Especial, Contestación a Demanda Enmendada y Solicitud para que se nos excuse de comparecer.*[4] Adujo que, no habiéndose sometido la planilla de contribución sobre herencia, carecía de la información necesaria para determinar la contribución adeudada, si alguna. Asimismo, sostuvo que, de ejecutarse las propiedades, el sobrante obtenido en las subastas debería ser retenido por el foro primario, hasta tanto los codemandados colocaran al Secretario de Hacienda en posición de determinar la deuda contributiva que recae sobre las propiedades.

---

Rodríguez Ruiz como usufructuaria de la cuota viudal. Véase el Apéndice del recurso, págs. 5-11.

[2] Apéndice del recurso, págs. 42-51. La alegación tres (3) de la *Demanda Enmendada*, que consta en la pág. 45 del referido apéndice, establece que ambas sucesiones estaban compuestas por las siguientes personas: (1) Carmen Evelyn Velázquez Rodríguez, (2) Nelson Velázquez Rodríguez, (3) Bernadette Velázquez Rodríguez, (4) Mónica Velázquez Rodríguez, (5) Pablo Velázquez Rodríguez.

[3] La descripción de estas propiedades consta en las páginas 43-45 del Apéndice del recurso.

[4] Apéndice del recurso, págs. 49-51.

Como corolario, solicitó que se les notificara si las propiedades eran vendidas en pública subasta y que se les excusara de comparecer a futuras vistas.

Por otra parte, el 15 de junio de 2015, la señora Mónica Velázquez, quien es miembro de ambas sucesiones, presentó la *Contestación a la Demanda.*[5] Como parte de sus defensas afirmativas, expuso que la entidad bancaria no tenía legitimación activa, pues no era tenedora del pagaré hipotecario. A su vez, aseveró que la reclamación no ameritaba la concesión de un remedio. Adujo, también, que se proponía a gestionar un proceso de mitigación de pérdida con el Banco Popular. Por tanto, solicitó que se declarara *No Ha Lugar* la acción legal instada en su contra.

De manera similar, el 23 de octubre de 2015, el señor Nelson Velázquez Rodríguez presentó su *Contestación a la Demanda* en la que se limitó a argumentar que faltaba una parte indispensable, sin especificar al respecto.[6]

Luego de una serie de incidencias procesales, cuyo tracto no amerita pormenorización, el 30 de noviembre de 2018, el foro primario dictó una *Sentencia,* notificada el 10 de diciembre de 2018, en la que declaró *Ha Lugar* la *Demanda* en cobro de dinero y ejecución se hipoteca.[7]

Tras múltiples intentos infructuosos efectuados por el Banco Popular, a los efectos de cobrar su acreencia, el 23 de agosto de 2019, el foro *a quo* dictó un *Mandamiento de Ejecución de Sentencia.*[8]

Transcurrido cierto tiempo y ejecutada la hipoteca[9], el 29 de enero de 2025, un alguacil del foro primario remitió cuatro (4) documentos

---

[5] Apéndice del recurso, págs. 52-54.

[6] Apéndice del recurso, págs. 55-56.

[7] Puntualizamos que la señora Mónica Velázquez Rodríguez no incluyó en su recurso esta *Sentencia.* No obstante, tanto la parte peticionaria como la parte recurrida coinciden en que se emitió dicho dictamen en la fecha indicada, lo cual, a su vez, consta en la *Orden de Confirmación de Adjudicación o Venta Judicial* emitida el 26 de febrero de 2025, notificada al día siguiente.

[8] Apéndice del recurso, págs. 78-82.

[9] Hemos constatado en el portal de Consulta de Casos del Poder Judicial que en cuatro ocasiones durante el periodo del 2020 al 2024 se solicitó ante el foro primario la paralización del caso en virtud de un trámite de quiebra federal presentada por la aquí peticionaria. No obstante, el caso se reactivaba cada año ante el tribunal estatal, pues se presentaba moción de continuación de los procedimientos.

[9] Apéndice del recurso, págs. 78-82.

intitulados *Acta de Subasta* en los que constató que ese día, Estrella Commercial, LLC[10], adquirió los bienes inmuebles subastados que aseguraban el pagaré hipotecario.[11]

Así las cosas, el 4 de febrero de 2025, la señora Mónica Velázquez Rodríguez, por sí y como tutora de Pablo Velázquez Rodríguez, sin someterse a la jurisdicción del tribunal, presentó una *Urgente Moción Asumiendo Representación, Paralización, Nulidad de Procedimientos, de Subasta, Adjudicación, Solicitud de Órdenes Inmediatas y otros Remedios.*[12] Aseveró que el codemandado Nelson Velázquez Rodríguez había fallecido el 24 de junio de 2022, mientras el caso se encontraba paralizado por un trámite de quiebra ante el Tribunal de Distrito Federal. Argumentó que, ante su fallecimiento, el foro primario perdió la jurisdicción sobre el fenecido codemandado. Por ende, sostuvo que procedía la sustitución de parte y, como resultado, el emplazamiento de la Sucesión de Nelson Velázquez Rodríguez. Así pues, razonó que cualquier procedimiento posterior a su fallecimiento era nulo por falta de acumulación de parte indispensable, a tenor con lo resuelto en *Oriental Bank v. Pagán Acosta y otros,* 2024 TSPR 133 (2024). Por tanto, solicitó la paralización inmediata del caso y la devolución de los bienes inmuebles incautados ilegalmente.

Por su parte, el 18 de febrero de 2025, Estrella Commercial, radicó su *Oposición a Urgente Moción de Paralización, de Desestimación, Nulidad de Procedimientos, de Subastas y Otros.*[13] Argumentó que las sucesiones omitieron informar al tribunal que el 24 de junio de 2022 había fallecido el señor Nelson Velázquez Rodríguez. En consideración a la fecha de su fallecimiento, Estrella Commercial indicó que la *Sentencia* advino final y

---

[10] Surge del expediente ante nuestra consideración, que el 17 de octubre de 2023, Estella Comercial LLC, presentó oportunamente una *Solicitud para Sustituir Parte Demandante* a los fines de que la anterior parte demandante, quien era la institución tenedora del pagaré en controversia, se sustituyera de conformidad con la Regla 22 de Procedimiento Civil. Véase el Apéndice de la
parte peticionaria, págs. 93-94.
[11] Apéndice del recurso, págs. 101-108.
[12] Apéndice del recurso, págs. 113-125.
[13] Apéndice del recurso, págs. 127-138.

firme. Respecto al caso de *Oriental Bank v. Pagán Acosta y otros, supra,* explicó que los hechos atendidos en ese caso surgían en una etapa pre-sentencia. A diferencia del caso citado, distinguió que, en esta etapa post sentencia, el tribunal no tenía la obligación de notificar a la Sucesión de Nelson Velázquez Rodríguez. Por consiguiente, solicitó la expedición de la orden de confirmación de subasta, la cancelación de los gravámenes posteriores y el lanzamiento de los ocupantes de las propiedades adquiridas en dicho proceso.

Evaluados los argumentos de las partes, el 26 de febrero de 2025, el foro primario dictó una *Resolución,* notificada al día siguiente, en la que declaró *No Ha Lugar* la *Urgente Moción Asumiendo Representación, Paralización, Nulidad de Procedimientos, de Subasta, Adjudicación, Solicitud de Órdenes Inmediatas y otros Remedios.*[14]

Ese mismo día, el foro de instancia emitió una *Orden de Confirmación de Adjudicación o Venta Judicial,* notificada el 27 de febrero de 2025.[15] En lo concerniente a la venta en pública subasta, estableció que se cumplió con el procedimiento de publicación de edicto subasta dentro del término dispuesto en la Regla 51.7 de Procedimiento Civil, 32 LPRA Ap. V, R. 51.7.[16] Precisó, también, que cumplió con la exigencia de publicidad del procedimiento en espacios visibles, tales como el Tribunal de Primera Instancia, la alcaldía y la colecturía de Ponce. Además, el foro primario acreditó que se envió notificación del edicto a la última dirección conocida de los deudores dentro del término de cinco (5) días, contados a partir de su publicación.[17]

Así dispuesto, en igual fecha, el foro recurrido emitió una *Orden,* notificada el 27 de febrero de 2025, en la que requirió la expedición del *Mandamiento* dirigido al alguacil, para que este entregase a Estrella Commercial la propiedad adquirida.[18]

---

[14] Apéndice del recurso, págs. 2-3.
[15] Apéndice del recurso, págs. 140-142.
[16] Apéndice del recurso, pág. 142.
[17] Apéndice del recurso, pág. 142.
[18] Apéndice del recurso, pág. 146-148.

Inconforme con el proceder judicial, el 31 de marzo de 2025, la señora Mónica Velázquez Rodríguez recurrió ante este foro intermedio apelativo mediante un recurso de *certiorari*, en el cual presentó los siguientes señalamientos de error:

Primer error: Erró el Tribunal de Instancia al declarar NO HA LUGAR la nulidad de los procedimientos posteriores a la muerte de uno de los demandados, al no haber sustituido oportunamente, y determinar que no había que notificar la ejecución a los herederos.

Segundo error: Erró el Tribunal de Instancia al declarar NO HA LUGAR la sustitución de la parte fallecida.

Tercer error: Erró el Tribunal de Instancia al declarar NO HA LUGAR la desestimación del caso.

El 23 de abril de 2025, Estrella Commercial instó una *Moción de Desestimación por Falta de Jurisdicción y en Oposición a Certiorari*. Respecto a la alegada falta de jurisdicción, la recurrida adujo que, esta Curia carece de jurisdicción, toda vez que la señora Velázquez Rodríguez no notificó al Departamento de Hacienda, ni a los demás miembros de las sucesiones, las señoras Carmen Velázquez y Bernadette Velázquez, sobre la presentación del recurso. De igual manera, la recurrida arguyó que el Apéndice presentado por la peticionaria estaba incompleto, privando así a este foro apelativo intermedio de su facultad revisora.

En respuesta, el 22 de mayo de 2025, la peticionaria notificó su *Oposición a Desestimación por Falta de Jurisdicción*. Adujo que las señoras Carmen Velázquez y Bernadette Velázquez fueron notificadas de manera personal. Para sustentar tal aseveración, la peticionaria presentó copias de la portada del recurso de *certiorari*, firmadas por ambas, sin especificar la fecha en que fueron notificadas. Sobre la falta de notificación al Departamento de Hacienda, sostuvo que la agencia no es parte en el pleito. Por otro lado, la peticionaria cumplimentó el Apéndice del recurso con los documentos que la recurrida señaló como ausentes.

Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de resolver.

## II.

### -A-

Es norma reiterada que, el auto *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una determinación de un tribunal inferior. *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021). *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020). Véase, también, Artículo 670 del Código de Enjuiciamiento Civil de 1933 de la Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva de este recurso "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 209 (2023).

Como regla general, "las resoluciones atinentes a asuntos post sentencia no se encuentran incluidas entre aquellas determinaciones de naturaleza interlocutoria categóricamente sujetas a escrutinio mediante el recurso de *certiorari*". *IG Builders et al. v. BBVAPR,* 185 DPR 307, 339 (2012). No obstante, somos conscientes de que en ciertas instancias "[d]e imponerse las limitaciones de la Regla 52.1, 32 LPRA Ap. V, a la revisión de dictámenes post sentencia, inevitablemente quedarían sin posibilidad alguna de revisión apelativa". *BPPR v. SLG Gómez-López,* 213 DPR 314, 336 (2023). En tales casos, "el recurso de *certiorari* es el mecanismo adecuado para solicitar la revisión conforme a lo resuelto expresamente". *Íd.*

Ahora bien, al evaluar si procede la expedición o no del *certiorari* en los que se recurre de las determinaciones post sentencia es preciso acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Véase, también, *BPPR v. SLG Gómez-López, supra*, págs. 336-337

Estas consideraciones orientan la función del foro apelativo para ejercer sabiamente nuestra facultad discrecional. *Rivera et al. v. Arcos Dorados et al., supra,* pág. 209. A su vez, la precitada disposición reglamentaria permite que el análisis revisorio no se efectúe en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra*, pág. 176. En atención a los preceptos discutidos, los tribunales revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018). Véase, además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013). Así pues, nos corresponde ser cuidadosos y conscientes de la naturaleza de la controversia ante nuestra consideración en tal ejercicio discrecional. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 849 (2023).

**-B-**

En reiteradas ocasiones nuestra Máxima Curia ha manifestado que la jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias. Conforme a ello, en toda situación jurídica que se presente ante un foro adjudicativo, lo primero que se debe considerar es el aspecto jurisdiccional. Esto debido a que los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción. (Citas omitidas). Así, nuestro Tribunal

Supremo ha reafirmado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo que los asuntos relacionados con esta son privilegiados y deben atenderse de manera preferente. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254 (2018).

Como es sabido, es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por estas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues este incide directamente sobre el poder mismo para adjudicar una controversia. *Ruiz Camilo v. Trafon Group*, Inc., supra.

Por consiguiente, si un tribunal, luego de realizado el análisis, entiende que no tiene jurisdicción sobre un recurso, sólo tiene autoridad para así declararlo. De hacer dicha determinación de carencia de jurisdicción, el tribunal debe desestimar la reclamación ante sí sin entrar en sus méritos. Lo anterior, basado en la premisa de que, si un tribunal dicta sentencia sin tener jurisdicción, su decreto será jurídicamente inexistente o *ultravires*. *Cordero et al. v. ARPe et al.,* 187 DPR 445, 447 (2012).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83., confiere facultad a este Tribunal, por iniciativa propia o a petición de parte, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

**-C-**

Como es sabido, "*[l]a apelación en nuestro sistema no es automática; presupone una notificación, un diligenciamiento y su perfeccionamiento*". *Morán v. Marti,* 165 DPR 356 (2005). En reiteradas ocasiones, el Tribunal Supremo ha manifestado que las normas sobre el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *García Ramis v. Serrallés,* 171 D.P.R. 250 (2007), *Arriaga v. F.S.E.,* 145 D.P.R. 122 (1998). Sobre el particular, nuestra más alta Curia ha expresado:

El apelante tiene, por lo tanto, la obligación de perfeccionar su recurso según lo exige la ley y el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. Si no se perfecciona un recurso dentro del término jurisdiccional provisto para ello, el foro apelativo no adquiere jurisdicción para entender en el recurso presentado. *Morán v. Marti, supra.*

La Regla 33 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 33, regula el trámite para la presentación y notificación de los recursos de *certiorari*. La precitada regla dispone que la parte peticionaria deberá notificar el recurso a las partes, dentro del término de treinta (30) días para su presentación, siendo este uno de cumplimiento estricto. Conforme lo anterior, "la falta de notificación a todas las partes en el litigio conlleva la desestimación del recurso de apelación. El recurso que no se notifica a todas las partes, priva de jurisdicción al Tribunal para ejercer su facultad revisora." *González Pagán et al. v. SLG Moret-Brunet*, 202 DPR 1062 (2019). El Tribunal Supremo ha enfatizado que "los tribunales en nuestra jurisdicción carecen de discreción para prorrogar estos términos de manera automática". *Soto Pino v. Uno Radio Group*, 189 DPR 84 (2013).

Por otra parte, la Regla 34 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 34, establece el contenido de las solicitudes de *certiorari*. Atinente a la controversia ante nos, el inciso (E) de la referida regla, *supra*, estipula que el apéndice del recurso deberá comprender lo siguiente:

(1) Salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, la solicitud incluirá un apéndice que contendrá una copia literal de:

[...]

(b) La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluidas las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.

(c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de certiorari, y la notificación del archivo en autos de una copia de la resolución u orden.
(d) Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de certiorari, o que sean relevantes a esta.

(e) Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.

(2) El Tribunal de Apelaciones podrá permitir, a petición de la parte peticionaria en la solicitud de certiorari, en moción o motu proprio a la parte peticionaria, la presentación de los documentos del apéndice a que se refiere esta regla con posterioridad a la fecha de la presentación del escrito de certiorari, dentro de un término de quince días contado a partir de la fecha de notificación de la resolución del tribunal que autoriza la presentación de los documentos.

Como norma general, el Tribunal Supremo se ha movido a desestimar recursos por tener apéndices incompletos, cuando dicha omisión no nos permite atender la controversia o constatar nuestra jurisdicción. *Vázquez Figueroa v. E.L.A.*, 172 DPRA 150, 155 (2007), citando a *Córdova Ramos v. Larín Herrera*, 151 DPRA 192, 197 (2000).

**III.**

Por incidir sobre nuestra jurisdicción, atenderemos la moción de desestimación instada por Estrella Comercial con primacía. La parte recurrida arguye que esta Curia carece de jurisdicción, debido a que la peticionaria no notificó a los demás miembros de las sucesiones sobre la presentación del recurso o al Departamento de Hacienda.

La señora Velázquez Rodríguez adujo que las demás integrantes de las sucesiones, las señoras Carmen Velázquez y Bernadette Velázquez, fueron notificadas de manera personal.[19] Para sustentar tal alegación, la peticionaria presentó dos (2) copias de la portada del recurso, presuntamente firmadas por estas. Sin embargo, al examinar los referidos documentos, nos percatamos de que no se hizo constar la fecha en que las partes fueron notificadas. Como resultado, las firmas de las señoras Carmen Velázquez y Bernadette Velázquez, sin constancia de la fecha en que se les hizo entrega del recurso, no resultan suficientes para evidenciar que fueron notificadas dentro de término.

Respecto a la falta de notificación al Departamento de Hacienda, la peticionaria alega que la agencia no es parte del pleito. Conforme surge del

---

[19] Apéndice de la *Oposición a Desestimación por Falta de Jurisdicción*, págs. 1-2.

tracto procesal, el Departamento de Hacienda fue acumulado como parte interesada, toda vez que las propiedades podrían tener gravámenes a favor del Estado Libre Asociado de Puerto Rico. Posteriormente, mediante su contestación a la demanda, la agencia solicitó ser excusada de comparecer en el pleito de epígrafe. No obstante, ello no implicó que el Departamento de Hacienda dejó de ser una parte en el caso de marras. Por todo lo cual, la agencia, siendo una de las partes, debía ser notificada sobre la presentación del presente auto de *certiorari.*

La Regla 33 de nuestro Reglamento, *supra,* establece que la parte peticionaria deberá notificar el recurso **a todas las partes**, dentro del término de treinta (30) días para su presentación, siendo este uno de cumplimiento estricto. Como es sabido, la falta de notificación a las partes nos priva de jurisdicción para ejercer nuestra facultad revisora. *González Pagán et al. v. SLG Moret-Brunet, supra.* Resulta forzoso concluir que, como resultado de la omisión de notificar a las señoras Carmen Velázquez y Bernadette Velázquez y al Departamento de Hacienda conforme a derecho, carecemos de jurisdicción para atender el recurso.

**IV.**

Por los fundamentos que anteceden, se *desestima* el recurso por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal. La Jueza Álvarez Esnard disiente, sin escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones